# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JASPER WOOD PRODUCTS, LLC,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**JORDAN SCRAP METAL, INC.,** *et al.*, )<br>)<br>Defendants. ) | CIVIL ACTION 13-0407-WS-C |

## ORDER

This matter comes before the Court on the Motion to Intervene (doc. 42) filed by putative intervenor American Alternative Insurance Corporation. No party has submitted a response in opposition to the Motion, and the time for doing so as prescribed by the applicable briefing schedule (doc. 44) has now expired. One party, plaintiff Jasper Wood Products, LLC, filed a response confirming that it "has no objection to AAIC's Motion to Intervene." (Doc. 46, at 1.)

Jasper Wood Products initiated this action on June 4, 2013 by filing a Complaint against defendants, Jordan Scrap Metal, Inc., Peterman Mill Project, LLC, and James Norman. The Complaint arises from a fire that broke out at the Peterman Mill in Monroe County, Alabama, during the early morning hours of December 13, 2012, destroying certain plywood manufacturing equipment that Jasper Wood Products had purchased from Norman several weeks earlier. The equipment was being stored at Peterman Mill pursuant to an agreement between Jasper Wood Products and Norman. According to the Complaint, the cause of the fire was Jordan Scrap Metal's failure properly to extinguish cutting torches and/or flammable chemicals and material used in demolition work it was performing at the mill. Plaintiff sues defendants on theories of bailment; negligence; wantonness; negligent, wanton or willful misrepresentation; breach of contract; breach of warranty; violation of Alabama Code § 7-2-222 (presumably a typographical error, as no such code section exists); and violation of Alabama Code § 7-2-714. Jasper Wood Products seeks damages in the amount of $5,230,000, which is purportedly the fair market value of its destroyed equipment.

American Alternative Insurance Corporation ("American Alternative") now seeks leave to intervene in this action. As grounds for its Motion to Intervene, American Alternative alleges

that it provided commercial property insurance coverage to Jasper Wood Products at the time of the fire; that Jasper Wood Products subsequently made a claim under that insurance policy; that American Alternative paid the policy limits of $500,000 to Jasper Wood Products via check dated April 18, 2013; and that the terms of the subject insurance policy afford American Alternative certain subrogation rights to stand in the shoes of its insured and recover damages. In light of these circumstances, American Alternative wishes to intervene as a plaintiff to assert a subrogation claim against defendants to the extent of the insurance proceeds it paid to its insured. As stated, no party has objected.

American Alternative's request to intervene is governed by Rule 24, Fed.R.Civ.P. "Rule 24 provides two avenues for a nonparty to intervene in a lawsuit; intervention as of right and intervention with permission of the court." *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1246 (11th Cir. 2006); *see also Ciba Specialty Chemicals Corp. v. Tenesaw Land and Timber Co.*, 233 F.R.D. 622 (S.D. Ala. 2005) (considering and applying both intervention as of right and permissive intervention principles). To intervene as of right pursuant to Rule 24(a), a party "must show that it has an interest in the subject matter of the suit, that its ability to protect that interest may be impaired by the disposition of the suit, and that existing parties in the suit cannot adequately protect that interest." *Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005) (citation omitted).[1] Thus, the three-pronged inquiry for a timely Rule 24(a)(2) motion consists of the following: (i) whether American Alternative has shown that it has an interest in the subject matter of this case; (ii) whether American Alternative has shown that its ability to protect such interest may be impaired or impeded by disposition of this action; and (iii) whether American Alternative has shown that the existing parties cannot adequately protect its interest. *See* Rule 24(a)(2), Fed.R.Civ.P.

As to the first element, the question is whether American Alternative's "interest in the subject matter of the litigation is direct, substantial and legally protectable." *Georgia v. U.S.*

---

[1] A Rule 24(a) motion must also be timely. *See, e.g., Georgia v. U.S. Army Corps of Engineers*, 302 F.3d 1242, 1250 (11th Cir. 2002) ("Before a party can intervene as a matter of right, it must timely move to intervene."). The Court finds that the Motion to Intervene is timely because it was filed shortly after American Alternative learned of the pendency of this action, the discovery cutoff is still four months away, the Final Pretrial Conference is still ten months away, and there is no indication that modification of any trial or pretrial deadlines will be needed to accommodate American Alternative's arrival in this lawsuit.

*Army Corps of Engineers*, 302 F.3d 1242, 1249 (11th Cir. 2002). Again, American Alternative paid out $500,000 in insurance proceeds to its insured as a result of the subject fire and property loss, and now stands in Jasper Wood Products' shoes to assert a subrogation claim to recover those proceeds. Thus, American Alternative has a direct, substantial and legally protectable interest in litigation over the causes of the fire, and particularly whether defendants were negligent in a manner that proximately caused its insured's losses.

The second element requires American Alternative to demonstrate that it "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." Rule 24(a)(2). The Eleventh Circuit has explained that, "[w]here a party seeking to intervene in an action claims an interest in the very property and very transaction that is the subject of the main action, the potential *stare decisis* effect may supply the practical disadvantage which warrants intervention as of right." *Georgia*, 302 F.3d at 1258 (citation omitted). Plainly, American Alternative claims an interest in the very property and transaction that form the basis of this lawsuit. Given the considerable factual and legal overlap between Jasper Wood Products' claims and its claims, American Alternative could find its ability to protect its interests impaired as a practical matter if those issues are resolved herein in its absence. Thus, this element is satisfied.

The third and final element for intervention as of right contemplates a showing that the existing parties do not adequately protect movant's interests. "But this is not an onerous burden." *Defenders of Wildlife v. Bureau of Ocean Energy Management*, 2010 WL 5139101, *3 (S.D. Ala. Dec. 9, 2010). Indeed, a putative intervenor "need only show that the current plaintiff's representation may be inadequate, … and the burden for making such a showing is minimal." *Stone v. First Union Corp.*, 371 F.3d 1305, 1311 (11th Cir. 2004) (citation and internal quotation marks omitted); *see also Defenders of Wildlife*, 2010 WL 5139101, at *3 (finding that putative intervenor satisfied "inadequate representation" prong of Rule 24(a)(2) by demonstrating that existing litigant's representation of intervenor's interests "*may* be inadequate, despite the obvious overlap between them"). Although American Alternative's showing on this element is not extensive, it is sufficient to overcome this low hurdle. Thus, American Alternative has met its light burden of demonstrating that Jasper Wood Products may not adequately protect its interests.

In sum, the Court concludes that American Alternative has satisfied all prerequisites for intervention as of right pursuant to Rule 24(a)(2). Alternatively, the Court finds that American Alternative would be properly allowed to intervene here on a permissive intervention theory. Under Rule 24(b), district courts have discretion to grant permission to intervene "when [the] applicant's claim or defense and the main action have a question of law or fact in common." *Bayshore Ford*, 471 F.3d at 1246 (citation omitted); *see also Mt. Hawley*, 425 F.3d at 1312 ("Permissive intervention under Fed. R. Civ. Proc. 24(b) is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties.") (citation omitted). American Alternative's subrogation claims against defendants on negligence theories share numerous common questions of law and fact with issues already joined herein; indeed, many legal and factual questions are identical for both American Alternative's proposed causes of action and those already asserted by Jasper Wood Products. Furthermore, there is no reason to believe that American Alternative's participation will unduly prejudice or delay the adjudication of the rights of the original parties to this action. Permissive intervention is appropriate.

For the foregoing reasons, American Alternative Insurance Corporation's Motion to Intervene (doc. 42) is **granted**, and that entity is hereby granted leave to intervene in this action as a party plaintiff. That said, the record reflects that American Alternative and Jasper Wood Products are likely to be similarly situated as to many issues; therefore, in motion practice and discovery alike, American Alternative is **ordered** to work with Jasper Wood Products in good faith – where it is reasonably possible to do so without compromising areas of divergent interests or positions – to coordinate and consolidate their filings, discovery requests and responses, motions, memoranda of law, and so on, to avoid unnecessary duplication and maximize efficiency of these proceedings for all concerned.

American Alternative is **ordered**, on or before **March 21, 2014**, to file as a freestanding pleading the proposed Intervenor's Complaint appended to its Motion to Intervene as Exhibit B.

DONE and ORDERED this 14th day of March, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE